On behalf of Judge Clifton and myself, we want to welcome Judge Layton to this panel. Judge Layton is from the Western District of Washington, and he is taking on the chores of assisting this panel. In addition to the full caseload that he's carrying in his home district. And we appreciate his assistance. We will take the cases in the order listed on the calendar, except I note that these cases are submitted on the briefs. Schrader versus no, no manufacturing company and Burlington Insurance Company versus oceanic design are submitted on the briefs. So the first case for argument is Lopez Molina versus Ashcroft. Ready to proceed. Good morning. My name is Bertram Polis. I represent the petitioner, Javier Ramon Lopez Molina from Tucson, Arizona. The issue presented by the petition of Mr. Molina today actually is twofold. Number one is whether there was substantial evidence presented that he was excludable pursuant to 212. A2C on the grounds that there was reason to believe that he was involved in drug trafficking in some way. The factual background of this case is that he applied for it for residential status in 1995. That was denied in 1997 as a result of an incident that arose in 1990. He was the basis for the denial was that he was convicted of misprison of a felony. And the question initially is whether the evidence that he was convicted of misprison is substantial, reasonable, and probative evidence that he was involved as an assister or a trafficker or a polluter in drug trafficking activities. If there was reason to believe that was true. We submit to the court that the elements of misprison are simply that a crime has been committed. In this case, the crime to which he admitted he admitted was completed was conspiracy to possess with intent to distribute marijuana. And whether he reported that crime to the appropriate authorities. None of those elements indicate that he is an assister, an accomplice or an aider and a better or a polluter in those activities, but simply that he knew of the commission of the crime and failed to report that crime. So it is our submission that that conviction and the information underlying it, which were admitted, do not support the conclusion that he was a drug trafficker and therefore excludable or that there was reason to believe he was a drug trafficker. Counsel, for purposes of the statute, is it necessary that the immigration judge look only at the elements of the crime for which the person pled guilty or can they look at the fact factual underpinning that served as the basis for the ultimate plea? Well, initially, we would submit that he has to look at the crime committed, especially under the circumstances and facts of this case. The reason for that is the court on November 24th of 1998 said it imposed a deadline for the submission of documents of January 22nd of 1999. No documents were submitted by the government. According to the order of the court of November 24th, 1998, and that appears in the record of proceedings at page 84 and 86, the government was ordered to present those documents to the court by that date, January 22nd, and also to provide those documents to opposing counsel if they failed to do so. Then at the hearing on February 5th for the first time, they presented documents which were police reports and an immigration record containing hearsay statements to the court and to counsel at that same date. I objected to the admission of those documents. So in the context of presenting the documents, the police reports that contained the facts of the case, after the court imposed deadline, and the court did say if the documents were not submitted by the imposed deadline, they were deemed, quote, abandoned under the order of the court of November 24th. So at that point, the court allows admission into evidence of the police reports in violation of its proposed deadline, or of its ordered deadline, I should say. I objected to the admission of those documents. I did not oppose a continuance and told the court that on page 72 of the record on appeal. Nevertheless, the court admitted those documents. Did you request a continuance? I did not oppose a continuance. I heard you. Did you request a continuance? No. Well, that's a matter within the immigration court's discretion, right? I do not believe when they impose a deadline that they can, consistent with due process, change the rules at the time of the hearing. You've never had that done to you, I'll say, in a regular court? I have, Judge, and I. And you claim that's a violation of due process? It can be if it prejudices my client with respect to certain fundamental. Well, if you ask for a continuance, if it's not due to prejudice, I think that's the reason Judge Clifton asked you. Did you ask for a continuance? I did not, because at the time the court. How can you claim prejudice then? I claim prejudice because I did not oppose a continuance, number one. And number two, there was no way for me to prepare to hear statements contained in the police report. The government did not request a continuance either. And it is fundamental fairness, it seems to me. Why was there no way to prepare to respond? No, I couldn't subpoena the witnesses, the officers that were the authors of the report. Why not? Because I didn't know they were presenting those police reports. But at the hearing you knew because they put them there, and so the response that you could offer up is, Judge, I need some time now to respond and I have a continuance. But you didn't make that request. Well, that's correct. But at that time I didn't know that the judge was going to admit those documents in violation of his court-imposed deadline. And in addition to that, it's one thing to deal with these documents at the time of the hearing, try to prepare my client for them, and try to deal with subpoenas involving not only the officers, but also other people who were involved in the activities. This was a 1990 incident. It was charged initially as a state court charge and then brought up five or six years later. So, and apparently one of the persons in the vehicle which contained my client was the owner of the vehicle, was a vehicle that was the person who the vehicle was lent to according to the hearsay reports. So not only did I have to subpoena the officers, but I also had to go and find people who had gone for five or six years and who knows where. So at the time I walked into the courtroom. It would have been true if the government had submitted the documents on a timely basis. They didn't. They were late. But that doesn't parlay into a due process violation because the judge decided to consider them and you backed off the opportunity to do anything else. But the previous order of the court was that they submit them. But you know the court. Or they're deemed. You know. Can you offer any authority to turn that into a due process violation? The court ordered them either submitted or deemed abandoned. I'm entitled to rely on that. And he's entitled to change his mind. Well, so long it doesn't. So long as it does not prejudice the substantial rights of the petitioner. Let's move right to the subject. Have you identified to us any evidence or anything you would have done that leads us to believe that had you had the time to do something else, the result would have been any different? Sure. What I would have done is sought out the person who was in the vehicle, who was named in the police reports as the person to whom the car was lent. My client denied knowledge of the marijuana at the time of the commission of the offense. The person who was co-charged with him said he lent the vehicle to the passenger of the vehicle. No indication that my client was either involved initially by information that the government had at the time they started the investigation. No indication or mention by other people who were co-charged with him that he was involved. Absolutely zero. I would have sought out those other individuals and attempted to bring them to court if I knew that the case was going to proceed on the basis of underlying facts rather than the charging document and the document of conviction. Certainly there were things I could have done. He made a denial initially. He never pled guilty to a drug trafficking offense. This was an old case. There was a plea to misprison. There was no plea to a drug related offense. And there was some there was evidence to support my client's innocence. And I would have sought it out if I did not think the government had abandoned any claim other than the claim under the documents of conviction and charge. Let me back up a little bit now. As you know, the government is making a jurisdictional challenge to our court, at least going into certain issues in this case. Now, the issue you're you've been discussing for the last few minutes about a due process violation. You agree that we cannot reach that if we first conclude that you're that the aggregate that the drug, the drug conviction statute has been properly invoked and therefore we have no jurisdiction to review it. If the drug conviction statute is properly invoked and that it's an aggravated felony, is that the court? Then we can't examine your due process argument, can we? That's correct. But this was not a case where they alleged it should an aggravated felony in a drug trafficking conviction. Would you can would you concede that taken together, the factual predicates that is stated in the documents that were provided to the to the court late, albeit, together with the guilty plea of misprison of a felony would be sufficient information to cause a consular officer or attorney general to have reason to believe that your client was at a minimum an aider and a better or a sister in the drug trafficking operation involving this amount of marijuana? Well, I think that's close, given his denial of the time of his arrest and give. But unfortunately, that's the record is devoid of my chance to rebut those charges. And that's the problem. The guilty plea to a misprision of a felony is strongly suggestive of some knowledge of the operation, is it not? It's guilty of the knowledge of the crime after it's been completed and a failure to report it. That's it. Not involvement in it beforehand. Not a stake in the action. Nothing like an accomplice. Thank you. All right. Thank you. The clock shows you have 35 seconds, but we'll be real generous to give you a minute for rebuttal. Thank you. May it please the Court. I am Blair O'Connor, representing the Attorney General in this manner. Your Honors, this petition for review asks this Court to consider whether the immigration judge's decision that petitioner was removable as an alien who an immigration officer had reason to believe was an illicit trafficker in a controlled substance or an aider, a better or a sister in the drug trafficking operation and a better or conspirator of trafficking in controlled substances was supported by reasonable, substantial and probative evidence and also whether the documents introduced by the agency during the removal hearing were reliable and trustworthy. Because the immigration judge properly found that the charge of removability was sustained by clear and convincing evidence, this Court should find that it lacks jurisdiction over this case and dismiss this petition for review. Mr. O'Connor, let me ask you a question about this jurisdictional argument you make. And I thought this was settled, but I haven't seen it before. The statute that bars a review says there's no jurisdiction to review if the alien is removable by reason of having committed a criminal offense. And there's no finding in this case and there's no reason to find that the alien has committed an offense, is there? Just that there's reasonable cause to believe that he's committed an offense. Now, in the face of that clear statutory limitation, don't you think the jurisdictional bar does not apply? Or can you cite me a case that says it does in this circumstance? Your Honor, I don't have the exact language of 242A2C in front of me, but I thought it was an alien who is removable for having committed an underhanded offense. For having committed an underhanded offense. That's exactly right. For having committed, and there's no finding that the alien has committed the offense. The only finding is that, right, the immigration officer knows or has reason to believe. Okay. I understand your judge's question now, Your Honor. That's the first time I've thought about that. And I'm not sure. I've thought about it, too. I'm not aware of, I guess I'm not aware of any decisions, presidential decisions on this exact issue. Either way. Either way, yes, Your Honor. That would be an issue for you. Well, you think, you think. Now, you know, in St. Cyr and a lot of other cases, the Supreme Court says these jurisdictional provisions are to be very, very narrowly read. Now, in view of the clear words of the statute that the bar applies only if the alien is removable by reason of having committed, and there's no, and he's not removable here by reason of having committed, right? I believe, again, the language is an alien who a consular officer or the attorney general knows or has reason to believe either is or has been an illicit trafficker. Right. So all that's required by the statute is that the officer have reason to believe that he committed the offense. Yes, Your Honor. Not that he committed the offense. And if the court were to find that, in this case, it was reason to believe as opposed to knows, then this Court could find that the government would concede, I guess, this Court could find that that specific bar may not apply. But, in fact, it doesn't even, I mean, the statute is broader. It doesn't even require conviction because spouses, sons or daughters who have received the illicit benefits of drug trafficking are deemed to be inadmissible if that, those benefits have been visited upon them over the last five years or so. Correct, Your Honor. Yes. You know, even if the court were to find that the jurisdictional bar doesn't apply, though, the government would still argue that this finding of removability was based on substantial provable and reasonable evidence. In standard of review, there is still a substantial evidence. Yes, Your Honor. And, therefore, the petition for review should be denied as opposed to being dismissed. If the court would like supplemental memoranda on whether the bar controls because of the language, you know, we'd be happy to provide that. I don't know whether I'd like it, but I think it's probably fair to give it a chance, isn't it? What's that, Your Honor? It's only fair to give the opportunity to brief it, I think. Yes, Your Honor. Again, I'm not aware of any authority, but I didn't research that prior to coming in. Your Honor, in removal proceedings, a test for admissibility of evidence is whether the evidence is probative and its admission is fundamentally fair. Now, in this case, the Petitioner objected to three documents, the INS Form I-213, which is a record of deportable and admissible alien, the Service's decision denying Petitioner's application for adjustment of status, and the Arizona Department of Public Safety report. Your Honor, the government's contention is that all three of these documents obviously were probative to the issue of whether or not the alien was removable under the charged ground, and the admission was fundamentally fair because they were properly authenticated by the INS District Director in Phoenix as having come from the alien's immigration file. Contrary to the decisions relied upon by Petitioner in his brief, and in those cases the alien's either contradicted or impeached the information contained in the documents that are objected to, here Petitioner has not contested the substance of any of the documents that are admitted by the government. Petitioner did not present either testimony by himself or did he submit any offer of proof to the court that any of the documents offered by the government that challenges the substance of the information contained in those documents. But he does contest the inferences drawn with regard to the individual's participation or knowledge. I guess less knowledge, more participation. Yes, he does contest the inferences drawn, Your Honor. But again, the government would rely on the fact that because he pled guilty to misprision of felony, one of the elements of that offense is that the defendant must have actual knowledge that the crime has been committed, that that is strong and clear and convincing evidence that he was aware there was marijuana in the car, and therefore that supports the finding that an immigration officer would have had reason to believe that he was an illicit trafficker and controlled substances. So there is a difference between knowing and aiding and abetting or being a conspirator. Yes, Your Honor. Surely an immigration officer could find the lesser that he at a minimum was an aider or abetter or a conspirator having admitted knowledge that the commission of the offense was occurring. He admitted knowledge of the offense occurring. He was in the vehicle with 147 pounds of marijuana. Yes, Your Honor. And when apprehended, he ran. He fled from the vehicle and ran. All that is very strong, probative, reasonable evidence that an immigration officer would have reason to believe that he was either an illicit trafficker or an aider or abetter or a conspirator. As this Court held in Espinoza v. INS, the burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence who must come forward with enough negative factors to persuade the Court not to admit it. The reason for this rule, as this Court found, is premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports. Again, here Petitioner offered no evidence, either by way of his testimony and offer of proof, challenging the authenticity of any of the information containing the documents that he objected to. Insofar as these documents are public records, which set forth matters observed pursuant to a duty imposed by law, they very well may have fallen under the public record exception to the hearsay rule. And although the rules of evidence do not apply to immigration proceedings, a document's admissibility under the Federal Rules of Evidence will end strong support to the conclusion that admission of the evidence does not offend or violate due process. Petitioner also complains of the fact that he was not afforded an opportunity to cross-examine either of the preparers of any of the documents submitted by the government. But again, as this Court found in Espinoza v. INS, the opportunity to cross-examine does not violate due process, again, where the alien fails to challenge the substance of any of the documents that have been admitted. As far as, again, the untimeliness of the documents being submitted late, we would point out, as this Court noted, that under H.C.F.R. 240, an immigration judge does have broad discretion in regulating the conduct of removal proceedings, and he may admit evidence that is material and relevant to those proceedings, and therefore he does have the discretion to accept untimely documents. We would also note that the objection to the documents as untimely did not come until the very end of the removal proceedings, when the immigration judge noted that the petitioner had not submitted an application for adjustment of status. During the initial objections, the petitioner never objected to them on untimeliness, and only it was at the end that the objection was made. So barring any further questions, Your Honors, the Government would conclude by saying because if the petitioner was properly found removable as an alien who an immigration officer had reason to believe was an illicit trafficker in controlled substances, this Court should deny this petition for review. Thank you, Mr. O'Connor. Rebuttal, Mr. Polk? Yes, Your Honor. Certainly I'd welcome the opportunity to brief the jurisdictional element if the Court intends or wishes to rule on that basis. In addition to that, in terms of the argument that my client ran from the vehicle, he explained that in the police reports, is that he was afraid of immigration officers. He did not make any admission as to the marijuana. And it is clear to me that, number one, is not a lesser included of the initial charges of drug trafficking. And proof of that fact is a separate information was filed because it is not a lesser included. In addition to that, I can think factually of a huge difference between being an accessory after the fact or being convicted of misprisonable felony. The person could have been told at the time the lights go on or sometime thereafter that there's marijuana in the vehicle. He has no stake in that operation whatsoever. He is simply an unwitting dupe. He doesn't report. He doesn't pull over and call the appropriate authorities. That's misprisonable felony. But that is certainly not participation in the venture, and that's not reason to believe he's involved in drug trafficking activities. This is a case where it was charged initially in 1990 and then brought back up federally in 1996. So it's not a case that proceeded timely or in a prompt fashion. The plea to misprison does not provide substantial evidence that there's reason to believe he's a drug trafficker or an accomplice to a drug trafficker. In terms of the objection that I did not object initially to the documents as untimely, I stated to the court initially in the record I just got these documents today and objected to them en masse. The court ordered that I object seriatim. The only document that was presented to me at the November 24th hearing was the charging document, which is the information, and the document of conviction. Those I did not object to because I had actual notice of and could prepare for that case. The other reports I did not see until I walked into the courtroom. That's all I have. Thank you very much. Thank you. We thank both counsel for the argument. I think that's what I'm going to we're going to do. I'm going to give parties the opportunity to file a supplemental briefing on this on this jurisdictional issue, which is whether the jurisdiction stripping provision of Section 1252 applies. When the order of removal is based upon a finding under 1182 A to C, that the immigration officer has reason to believe that the person committed a drug trafficking offense, as opposed to that, the person, the alien committed such an offense. All right. I'll give you what, two weeks, two weeks would be today's what? Today's 11, 11, 14 or 25. So this case then submission, this case is deferred to February 25, which is the due date of these supplemental briefs. All right. And it was submitted that time. Thank you very much, counsel. Put a link on it. Next case on the argument calendar is if I can find my calendar. Tab T.A.B.T. versus Ashcroft. Good morning, Mayor. Please, the court. My name is Haifa.
judges: Goodwin, Tashima, Clifton